UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

13-CV-3867 (LAK)

COREY BLACKBURN
and HAROLD DIAZ,

        Plaintiffsss,

  -against-

FIRST AMENDED
COMPLAINT
AND DEMAND
FOR A JURY TRIAL

THE CITY OF NEW YORK, N.Y.C. POLICE
SGT. ANDREW TURANO, SHIELD # 04752,
N.Y.C. POLICE OFFICER MATTHEW
TEAGUE, SHIELD # 31662 AND N.Y.C.
POLICE OFFICER FEE KO, EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

        Defendants.

------------------------------------------------------------X

1. This is an action for compensatory and punitive damages for violation of Plaintiffss's rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiffsss Corey Blackburn and Harold Diaz are residents of New York City, New York County, State of New York.

4. At all times hereinafter, the Defendant officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment.  They are each sued individually and in their official capacity as N.Y.C. Police Officers.   The defendant officers are only being sued for violations of Plaintiffss's federal civil rights.

5.  The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7.  That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8.  That at all times mentioned herein the City knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights of the Plaintiffss.

## FACTS

9.  On or about June 24, 2012, at approximately 8:00 P.M. Plaintiffs were attempting to walk home from the Gay Pride Parade when they were falsely arrested and beaten by New York City police offices.

10. The incident occurred in the vicinity of Washington Street and Christopher Street in Manhattan as Plaintiffs and others were waiting to cross the street.

11. Plaintiffs were part of a group of people who were waiting behind a police barrier to cross the street.

12. Plaintiffs were given permission by a police officer to cross the street. The officer said, "Okay, five of you go." Plaintiffs began to cross.

13. A few additional people also tried to cross.

14. Without warning, a Defendant officer tackled Plaintiffs to the ground and forcibly arrested Plaintiffs although they were not resisting.

15. Plaintiffs were falsely accused of Obstruction of Governmental Administration and Resisting Arrest.

16. While in police custody, Plaintiff Corey Balckburn requested medical attention. Blackburn was treated at Bellevue Hospital for his injuries, which included bruises to his arms and legs.

17. Later, at Central Booking Plaintiff Blackburn informed officers that he was on Welbutrin, and as a result they took him to the psychiatry ward at Bellevue, where he spent approximately 6 hours handcuffed to a wheelchair.

18. After spending approximately 29 hours in police custody, Plaintiffs were released at their criminal court arraignment.

19. After numerous court appearances, all criminal charges were dismissed.

20. Defendant officers provided all of the information that was prepared in the paperwork regarding these false charges. The Defendant officer included in the documents material statements which he knew to be false.

21. Plaintiffs suffered extreme and protracted pain and serious emotional injuries as a result of their incarceration and prosecution.

22. As a result of Plaintiffs's unlawful search and seizure, amounting to a violation of their civil rights, Plaintiffs suffered degradation, humiliation, loss of reputation and esteem and

various other emotional injuries, as well as economic harm.

AS AND FOR A FIRSTCAUSE OF ACTION
(FALSE ARREST- 42 U.S.C. § 1983)
(AS TO BOTH PLAINTIFFS)

23. Plaintiffs reiterate and reallege the facts stated in the above paragraphs as if stated fully herein.

24. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiffs of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C.§ 1983.

25. Defendants subjected Plaintiffs to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by his actions.

26. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered psychological and economic injuries, endured great pain and mental suffering, was deprived of his physical liberty.

AS AND FOR A SECOND CAUSE OF ACTION
(EXCESSIVE FORCE- 42 U.S.C. § 1983)
(AS TO BOTH PLAINTIFFS)

27. Plaintiffs reiterate and reallege the facts stated in the above paragraphs as if stated fully herein.

28. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiffs of their right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United

States and 42 U.S.C. § 1983.

29. Defendants subjected Plaintiffs to these deprivations of their rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by his actions.

30. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

31. As a result of the aforesaid occurrence, Plaintiffs suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## AS AND FOR A THIRD CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS
(Monell Claim: as to both plaintiffs)

32. Plaintiffs reiterate and reallege the facts stated in the above paragraphs as if stated fully herein.

33. Defendant City and Defendant N.Y.P.D., through its police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendants, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

34. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendants committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiffs' injuries.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiffs' rights under state law, and under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States; and,

2. Enter a judgment, jointly and severally, against the Defendant officers and The City of New York for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against each of the Defendant officers for punitive damages in the amount of Four Million ($4,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding Plaintiffs' reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: New York, New York
September 29, 2014

**RESPECTFULLY,**

/s/

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiffs
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the Plaintiffs in the within action.

That the affirmant has read the Answer in this case and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the Plaintiffss does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       September 29, 2014

                                          _____/s/_____
                                          STEVEN A. HOFFNER, Esq.